**STATE v SEYFERT and 5 Others**
(8 Cases)

Ohio Appeals, 2nd Dist, Franklin Co

(Nos 3341, 3342, 3343, 3344, 3345, 3346, 3347 & 3348.)

Decided Aug 29, 1941

Eagleson & Laylin, Columbus; Luther Day, Cleveland, for defendants-appellees.

Ralph J. Bartlett, Prosecuting Attorney, Columbus; David B. Sharp, First Ass't. Prosecuting Attorney,. Columbus; William C. Bryant, Ass't. Prosecuting Attorney, Columbus, for. plaintiff-appellant.

## OPINION

BY THE COURT:

Appeals on questions of law are prosecuted by the plaintiff-appellant in each of the aforesaid eight cases from the judgment of the Common Pleas Court of Franklin County, quashing each indictment as to both defendants upon motions to quash (2) filed by said defendants. The questions presented were considered and determined in the trial court in one decision and may be so disposed of here.

The indictments were for perjury by the named defendants in swearing to eight annual reports of the Ohio Fuel Gas Company, each of said reports having been signed and sworn to by the treasurer or assistant treasurer and the president or vice president of said company and the indictment charged that the treasurer or assistant treasurer of the company was the officer having control of the accounting of said public utility and that the president was the chief officer of said public utility, and in No. 3348 that the vice president who made an oath to that report was a chief officer of said public utility.

The motion to quash, filed separately by each defendant in each case, sets out eight grounds common to all defendants.

The first ground is that the statements alleged in the indictment to have been false were not made in a proceeding before a court, tribunal, or officer created by law or in a matter in relation to which an oath was authorized by law, or in a matter within the provisions of §12842 GC defining perjury. SECOND. That the statements alleged in the indictment to be falsely made under oath were not made under any oath authorized by law, * * *. THREE. That the indictment is insufficient and incorrect in the conclusion therein stated that the "character of the information to be embodied" in the annual report and the form thereof were prescribed by the Public Utilities Commission of Ohio and supplied to the public utility for such purpose, * * *. FOUR. That the indictment is insufficient in that as a matter of law the alleged false statements therein described were not as to a material matter, as defined by §12842 GC * * *. FIVE. That the annual report which the indictment charges to have been falsely verified did not import materiality or finality as to any matter or thing, nor is any information required therein material or final as to any proceeding or matter entrusted by law to any person or tribunal for action thereon * * *. SIX. That the indictment is insufficient in particulars set forth in "that it appears on the face thereof that the statements therein contained, * * *, were true in fact and not false, as alleged." * * *. SEVEN. Misjoinder or parties. EIGHT. Misjoinder of offenses charged.

As to defendant, Tharp, Weaver, Cross and Kerr, further ground is set forth in the motions to quash, namely, that the indictment does not charge that this defendant was the auditor or other chief accounting officer of the Ohio Fuel Gas Company, whose annual report duly verified is alleged to have been false; on the contrary, the indictment charges that the co-defendant in the indictment was the officer having control of the accounting of said public utility. Any verification of such report by this defendant in the capacity as set forth in the indictment is neither required not authorized by law.

The Common Pleas Court sustained the motions to quash on the grounds that the statements in the indictment alleged to have been false were not made in a matter in relation to which an oath was authorized by law: because of misjoinder of parties, and, as to defendants, Tharp, Weaver, Cross and Kerr that the indictment was insufficient in that it did not charge that any of said defendants was the auditor or other chief accounting officer of the Ohio Fuel Gas Company, a public utility.

Judge Reynolds in passing upon the demurrers prepared and handed down a written opinion which discloses careful and thorough examination of all the legal questions raised by the motions to quash and we are in accord with the conclusion that he has reached and the reasons therefor in all particulars save the sustaining of the motions upon the ground of misjoinder of parties. The determination of Judge Reynolds that the annual reports were not required to be verified under oath by the terms of §614-48 GC; is convincing and his analysis of 66 sections of the General Code of Ohio requires the conclusion that it cannot be said that the term "duly verified" in §614-48 GC means or implies that the annual report shall be verified under oath.

We likewise are in agreement with the Common Pleas Judge in the conclusion that §614-48 GC contemplates that the official who is to make the verification thereunder shall be the auditor or the accounting officer of the public utility and without such an averment that such officer is in the status of either auditor or accounting officer of said utility the indictment fails in a material allegation.

The doctrine of estoppel which is invoked by the prosecutor upon the authority of **Roberts v State, 45 Oh Ap 65**, may not be given application for the reason that it does not appear nor is it set forth that the verifying officer, Tharp, Weaver, Cross or Kerr, was either the auditor or the other chief accounting officer or so held himself out to be such officer of the public utility.

We do not discuss the many cases cited by the respective parties but are satisfied with the construction placed upon them by the trial judge. Cases outside of Ohio are only helpful by analogy and, although, we recognize that the term "verified" or "duly verified" has been held in many jurisdictions to imply an affirmation or confirmation by formal oath, in this, a criminal case, there must be no uncertainty as to its meaning. It is obvious that in Ohio, the terms have been used by our Legislature in many sections of the Code wherein it clearly appears that an oath was not contemplated. Under all the implications to be drawn by the requirements of §614-48 GC in the light of similar and analogous sections, we are required to say that it does not definitely appear that "duly verified" means verified under oath.

The judgments in all cases will be affirmed.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.